___

SO ORDERED,

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: March 1, 2017**

The Order of the Court is set forth below. The docket reflects the date entered.
___

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:  JAMES C. OLIVER, JR.                                    CASE NO. 07-50836

DEBTOR                                                                     CHAPTER 13

### ORDER DENYING MOTION TO REOPEN

Before the Court is the Motion to Reopen Chapter 13 Case (Dkt. No. 148) filed by Sandra Jean Oliver ("Sandra"), attorney-in-fact for her father James Howard Oliver ("Howard"). Having considered the motion and record in this case, the Court construes the motion as a motion for reconsideration and denies the motion without hearing.[1]

### I. Jurisdiction

The Court has jurisdiction over the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) & (O).

---

[1] The Court was not required to hold a hearing on this motion, and only raises this point because Sandra has represented herself pro se throughout these proceedings. "As a matter of law, there is no question that bankruptcy courts may rule on motions to reopen without a hearing. Further, § 350(b) of the Bankruptcy Code, which governs the closing and reopening of cases, makes no provision for hearings or other procedures available to debtors." *Redmond v. Fifth Third Bank*, 624 F.3d 793, 798-99 (7th Cir. 2010) (internal citation omitted). Further, where there was no right to a hearing on the original motion, "there is no right to a hearing on a motion to vacate the judgment or on a motion for reconsideration. . . ." *In re Narowetz Mech. Contractors, Inc.*, 898 F.2d 1306, 1309 (7th Cir. 1990).

1

## II. Findings of Fact[2]

The Court previously ruled in this case on a motion to reopen filed by Sandra. *See* Dkt. No. 146. The Court thoroughly discussed the facts of this case in that opinion and sees no need to recite them again here. *See* Dkt. No. 146 at 2-5. Instead, the Court will address only the procedural developments related to the pending motion.

On January 29, 2016, Sandra filed the first motion to reopen her uncle's bankruptcy case. Dkt. No. 120. On February 18, 2016, the Court held a hearing on that motion and several others filed by Sandra. Dkt. No. 137. On September 28, 2016, the Court denied Sandra's motion to reopen. Dkt. No. 146. Sandra moved in her first motion to reopen to "bring a two-count adversary complaint seeking: (1) a determination of nondischargeability of certain debts and (2) the setting aside or voiding of the post-petition fraudulent transfer of certain estate property under bankruptcy and Mississippi law." Dkt. No. 146 at 8-9. The Court found no cause to reopen the case because Howard would be barred from bringing a nondischargeability complaint because he received "actual notice of the bankruptcy approximately seventeen days, at the latest, before the bar date [which] was sufficient notice to permit Howard to take steps to protect his rights" and because the Court lacked jurisdiction over the transferred property. Dkt. No. 146 at 11-13. On February 6, 2017, Sandra filed a second motion to reopen. Dkt. No. 148. On February 21, 2017, counsel for James C. Oliver. Jr. responded to Sandra's second motion. Dkt. No. 152.

## III. Conclusions of Law

The Court construes Sandra's second motion to reopen as a motion to reconsider its order denying her first motion to reopen. *See, e.g., Gaskell v. United States*, No. 09-6367, 2011 WL

---

[2] Pursuant to Federal Rule of Civil Procedure 52, made applicable here by Federal Rules of Bankruptcy Procedure 9014(c) and 7052, the following constitutes the findings of fact and conclusions of law of the Court.

2

1304174, at *1 (E.D. La. Mar. 31, 2011) ("The Court construes this second motion to dismiss as a motion to reconsider its previous Order and Opinion. . . .").

> Technically, the Federal Rules of Civil Procedure do not recognize a motion for reconsideration in so many words. Thus, courts, including those in the Fifth Circuit, have generally held that a motion for reconsideration filed within [28] days[3] of the entry of judgment is treated as a motion to alter or amend judgment under Rule[4] 59(e), and a motion for reconsideration filed more than [28] days after entry of judgment is treated as a motion seeking relief from judgment under Rule 60(b).

*Fowler v. First Chem. Corp.*, No. , 2006 WL2423043, at *1 (S.D. Miss. Aug. 21, 2006). The twenty-eight day period from Rule 59 is shortened in bankruptcy proceedings to fourteen days because of the shorter appeal deadline under Federal Rule of Bankruptcy Procedure 8002(a)(1). *In re Yellowstone Mountain Club, LLC*, Bankr. No. 08-61570-11, 2011 WL 3813161, at *3 n.1 (Bankr. S.D. Mont. Aug. 29, 2011); *see also* Fed. R. Bankr. P. 9023 (applying Rule 59 in part to bankruptcy cases). Because Sandra filed her motion more than fourteen days after the Court's order, the Court will examine the motion in light of Rule 60(b).[5] *See* Fed. R. Bankr. P. 9024 (applying Rule 60 to bankruptcy cases). Rule 60(b) provides that "[o]n motion and just terms, the court may" amend a final judgment for:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;

---

[3] The Federal Rule of Civil Procedure were amended in 2009, and "the former 10-day periods [we]re expanded to 28 days" because "[e]xperience has proved that in many cases it is not possible to prepare a satisfactory post-judgment motion in 10 days. . . ." Fed. R. Civ. P. 59 advisory committee's note on 2009 amendment.

[4] For convenience, references to the Federal Rules of Civil Procedure are shortened to "Rule ___".

[5] An order denying a motion to reopen is a final order, *Riazuddin v. Schindler Elevator Corp. (In re Riazuddin)*, 363 B.R. 177, 182 (B.A.P. 10th Cir. 2007), whereas an order granting a motion to reopen is interlocutory, *see Mass. Dep't of Revenue v. Crocker (In re Crocker)*, 362 B.R. 49, 53 (B.A.P. 1st Cir. 2007). *See also Goldenburg v. Deutsche Bank Nat'l Trust Co. (In re Papazov)*, BAP No. CC-12-1584, Bankr. No. 2:10-38924, 2013 WL 2367802, at *5 & n.12 (B.A.P. 9th Cir. May 30, 2013) (discussing *In re Riazuddin* and *In re Crocker*).

3

> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Sandra does not discuss any of these grounds in the context of Rule 60(b), but she does assert that "a number of individuals . . . have committed fraud and perjury during this entire Chapter 13 case. . . ." Dkt. No. 148 at 1. Sandra directs the Court's attention to her previously filed Motion for Appointment of Counsel[6] (Dkt. No. 136) which "contains specific details literally going over every single document and motion filed in the above styled case and point out almost every single alleged issue regarding fraud and perjury for which this Motion to Reopen is based." Dkt. No. 151 at 4-5. The Court construes this argument as one made under Rule 60(b)(3).[7]

> A party making a Rule 60(b)(3) motion must establish (1) that the adverse party engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting his case. *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place*, 62 F.3d 767, 772 (5th Cir. 1995) (quotations and citations omitted). The moving party has the burden of proving the misconduct by clear and convincing evidence. *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978). Unlike Rule 60(b)(2), 60(b)(3) does not require that the information withheld be such that it can alter the outcome of the case. *Id.* Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *Id.* The rule is remedial and should be liberally construed. *Id.* at 1346.

*Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005). This two-part analysis is not sequential, and the Court may analyze either the existence of fraudulent conduct or ability to

---

[6] This motion was denied in the same order denying Sandra's first motion to reopen because "[a]s a general rule, there is no right to counsel in a bankruptcy case" and because "Sandra [wa]s not at risk of losing her physical liberty" nor were there any "exceptional circumstances in this case." Dkt. No. 146 at 14-15. Despite the reference to this motion, it does not appear to the Court that Sandra is reurging her motion for appointment of counsel or requesting a reconsideration of the Court's decision on that motion.

[7] Rule 60(b)(3) fraud is distinct from fraud on the court under Rule 60(d)(3). *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978). To prevail on a fraud on the court theory, a movant must "show an unconscionable plan or scheme which is designed to improperly influence the court in its decision." *Id.* Because Sandra's motion was filed within one year of the entry of the Court's order, the Court examines her fraud allegations only under Rule 60(b)(3) and not under the more exacting standard of Rule 60(d)(3). *See id.* at 1337-38; *see also* Fed. R. Civ. P. 60(c)(1).

present a case in any order. *See, e.g., id.* at 642 (find the court "need not reach the issue of whether [the appellee] committed fraud or misconduct during discovery because [the court] agree[d] with the magistrate judge's finding that [the appellant] ha[d] not shown interference in her ability to present her case").

All of the allegations of fraud or misconduct identified by Sandra relate to actions taken during the pendency of the bankruptcy case, which closed in 2012, and precede the filing of her original motion by several years. Whether this alleged conduct constitutes fraud or misconduct is beyond the scope of the Court's current inquiry into whether the decision denying Sandra's motion to reopen was unfairly obtained. Sandra has identified no conduct by anyone related to her motion to reopen that could be interpreted as fraud. The Court further finds that Sandra fully and fairly presented her arguments and evidence related to her motion both at a hearing before the Court and in her voluminous briefing. The Court based its decision on the nondischargeability claim on facts which are not in dispute, e.g., the latest date when Howard received notice of the bankruptcy, and from those facts and Fifth Circuit precedent held that any nondischargeability action could have been brought during the pendency of the bankruptcy. And the Court based its decision on the fraudulent transfer claims on its lack of jurisdiction over the subject property. Neither of these decisional bases are subject to change as a result of any potential fraudulent conduct by an opposing party. Therefore, the Court denies Sandra's second motion to reopen, which has been construed as a motion to reconsider.

Sandra also references criminal bankruptcy fraud in her briefing. Dkt. No. 151 at 3-4. The Court does not address these allegations because it lacks criminal jurisdiction. *See* 28 U.S.C. § 1334 (2005) (defining subject matter jurisdiction of bankruptcy courts). "Bankruptcy courts are courts of limited jurisdiction . . . whose power to act must be found expressly or impliedly in the

5

Bankruptcy [Code]." *Uranga v. Geib (In re Paso del Norte Oil Co.)*, 755 F.2d 421, 423-24 (5th Cir. 1985).

**IT IS HEREBY ORDERED THAT** the Motion to Reopen Chapter 13 Case (Dkt. No. 148) is DENIED.

*##END OF ORDER##*