___

SO ORDERED,

*[signature: Katharine M. Samson]*

**Judge Katharine M. Samson**
United States Bankruptcy Judge
Date Signed: April 10, 2017

The Order of the Court is set forth below. The docket reflects the date entered.
___

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE:   JAMES C. OLIVER, JR. | CASE NO. 07-50836 |
| DEBTOR | CHAPTER 13 |

### AMENDED ORDER DENYING MOTION TO REOPEN

Before the Court is the Motion to Reopen Chapter 13 Case (Dkt. No. 148) filed by Sandra Jean Oliver ("Sandra"), attorney-in-fact for her father James Howard Oliver ("Howard"). Having considered the motion and record in this case, the Court construes the motion as a motion for reconsideration and denies the motion without hearing.[1]

### I. Jurisdiction

The Court has jurisdiction over the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) & (O).

---

[1] The Court was not required to hold a hearing on this motion, and only raises this point because Sandra has represented herself pro se throughout these proceedings. "As a matter of law, there is no question that bankruptcy courts may rule on motions to reopen without a hearing. Further, § 350(b) of the Bankruptcy Code, which governs the closing and reopening of cases, makes no provision for hearings or other procedures available to debtors." *Redmond v. Fifth Third Bank*, 624 F.3d 793, 798-99 (7th Cir. 2010) (internal citation omitted). Further, where there was no right to a hearing on the original motion, "there is no right to a hearing on a motion to vacate the judgment or on a motion for reconsideration. . . ." *In re Narowetz Mech. Contractors, Inc.*, 898 F.2d 1306, 1309 (7th Cir. 1990).

1

II. Findings of Fact[2]

The Court previously ruled in this case on a motion to reopen filed by Sandra. *See* Dkt. No. 146. The Court thoroughly discussed the facts of this case in that opinion and sees no need to recite them again here. *See* Dkt. No. 146 at 2-5. Instead, the Court will address only the procedural developments related to the pending motion.

On January 29, 2016, Sandra filed the first motion to reopen her uncle's bankruptcy case. Dkt. No. 120. On February 18, 2016, the Court held a hearing on that motion and several others filed by Sandra. Dkt. No. 137. On September 28, 2016, the Court denied Sandra's motion to reopen. Dkt. No. 146. Sandra moved in her first motion to reopen to "bring a two-count adversary complaint seeking: (1) a determination of nondischargeability of certain debts and (2) the setting aside or voiding of the post-petition fraudulent transfer of certain estate property under bankruptcy and Mississippi law." Dkt. No. 146 at 8-9. The Court found no cause to reopen the case because Howard would be barred from bringing a nondischargeability complaint because he received "actual notice of the bankruptcy approximately seventeen days, at the latest, before the bar date [which] was sufficient notice to permit Howard to take steps to protect his rights" and because the Court lacked jurisdiction over the transferred property. Dkt. No. 146 at 11-13. On February 6, 2017, Sandra filed a second motion to reopen. Dkt. No. 148. On February 21, 2017, counsel for James C. Oliver. Jr. ("J.C.") responded to Sandra's second motion. Dkt. No. 152.

On March 1, 2017, the Court entered an order denying the second motion to reopen and construing it as a motion for reconsideration. *In re Oliver*, No. 07-50836, 2017 WL 825293, at *3 (Bankr. S.D. Miss. Mar. 1, 2017). On March 6, 2017, after corresponding with the Court, Sandra

---

[2] Pursuant to Federal Rule of Civil Procedure 52, made applicable here by Federal Rules of Bankruptcy Procedure 9014(c) and 7052, the following constitutes the findings of fact and conclusions of law of the Court.

2

filed a memorandum in support of her motion and reply brief. Dkt. No. 156. The Court now amends its order to address Sandra's reply.

### III. Conclusions of Law

A. Motion to Reconsider

The Court construes Sandra's second motion to reopen as a motion to reconsider its order denying her first motion to reopen. *See, e.g., Gaskell v. United States*, No. 09-6367, 2011 WL 1304174, at *1 (E.D. La. Mar. 31, 2011) ("The Court construes this second motion to dismiss as a motion to reconsider its previous Order and Opinion. . . ."). Sandra asserts that this motion is distinct from her first motion to reopen, but the Court disagrees. Sandra has not in either the second motion to reopen or in her memorandum of support and reply brief submitted anything to the Court that it has not already examined and reviewed in ruling on the first motion to reopen.

> Technically, the Federal Rules of Civil Procedure do not recognize a motion for reconsideration in so many words. Thus, courts, including those in the Fifth Circuit, have generally held that a motion for reconsideration filed within [28] days[3] of the entry of judgment is treated as a motion to alter or amend judgment under Rule[4] 59(e), and a motion for reconsideration filed more than [28] days after entry of judgment is treated as a motion seeking relief from judgment under Rule 60(b).

*Fowler v. First Chem. Corp.*, No. , 2006 WL 2423043, at *1 (S.D. Miss. Aug. 21, 2006). The twenty-eight day period from Rule 59 is shortened in bankruptcy proceedings to fourteen days because of the shorter appeal deadline under Federal Rule of Bankruptcy Procedure 8002(a)(1). *In re Yellowstone Mountain Club, LLC*, Bankr. No. 08-61570-11, 2011 WL 3813161, at *3 n.1 (Bankr. S.D. Mont. Aug. 29, 2011); *see also* Fed. R. Bankr. P. 9023 (applying Rule 59 in part to bankruptcy cases). Because Sandra filed her motion more than fourteen days after the Court's

---

[3] The Federal Rule of Civil Procedure were amended in 2009, and "the former 10-day periods [we]re expanded to 28 days" because "[e]xperience has proved that in many cases it is not possible to prepare a satisfactory post-judgment motion in 10 days. . . ." Fed. R. Civ. P. 59 advisory committee's note on 2009 amendment.

[4] For convenience, references to the Federal Rules of Civil Procedure are shortened to "Rule ___".

3

order, the Court will examine the motion in light of Rule 60(b).[5] *See* Fed. R. Bankr. P. 9024 (applying Rule 60 to bankruptcy cases). Rule 60(b) provides that "[o]n motion and just terms, the court may" amend a final judgment for:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Sandra does not discuss any of these grounds in the context of Rule 60(b), but she does assert that "a number of individuals . . . have committed fraud and perjury during this entire Chapter 13 case. . . ." Dkt. No. 148 at 1. Sandra directs the Court's attention to her previously filed Motion for Appointment of Counsel[6] (Dkt. No. 136) which "contains specific details literally going over every single document and motion filed in the above styled case and points out almost every single alleged issue regarding fraud and perjury for which this Motion to Reopen is based." Dkt. No. 151 at 4-5. The Court construes this argument as one made under Rule 60(b)(3).[7]

---

[5] An order denying a motion to reopen is a final order, *Riazuddin v. Schindler Elevator Corp. (In re Riazuddin)*, 363 B.R. 177, 182 (B.A.P. 10th Cir. 2007), whereas an order granting a motion to reopen is interlocutory, *see Mass. Dep't of Revenue v. Crocker (In re Crocker)*, 362 B.R. 49, 53 (B.A.P. 1st Cir. 2007). *See also Goldenburg v. Deutsche Bank Nat'l Trust Co. (In re Papazov)*, BAP No. CC-12-1584, Bankr. No. 2:10-38924, 2013 WL 2367802, at *5 & n.12 (B.A.P. 9th Cir. May 30, 2013) (discussing *In re Riazuddin* and *In re Crocker*).

[6] This motion was denied in the same order denying Sandra's first motion to reopen because "[a]s a general rule, there is no right to counsel in a bankruptcy case" and because "Sandra [wa]s not at risk of losing her physical liberty" nor were there any "exceptional circumstances in this case." Dkt. No. 146 at 14-15. Despite the reference to this motion, it does not appear to the Court that Sandra is reurging her motion for appointment of counsel or requesting a reconsideration of the Court's decision on that motion.

[7] Rule 60(b)(3) fraud is distinct from fraud on the court under Rule 60(d)(3). *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978). To prevail on a fraud on the court theory, a movant must "show an unconscionable plan or scheme which is designed to improperly influence the court in its decision." *Id.* Because Sandra's motion was filed

4

> A party making a Rule 60(b)(3) motion must establish (1) that the adverse party engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting his case. *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place*, 62 F.3d 767, 772 (5th Cir. 1995) (quotations and citations omitted). The moving party has the burden of proving the misconduct by clear and convincing evidence. *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978). Unlike Rule 60(b)(2), 60(b)(3) does not require that the information withheld be such that it can alter the outcome of the case. *Id.* Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *Id.* The rule is remedial and should be liberally construed. *Id.* at 1346.

*Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005). This two-part analysis is not sequential, and the Court may analyze either the existence of fraudulent conduct or ability to present a case in any order. *See, e.g., id.* at 642 (find the court "need not reach the issue of whether [the appellee] committed fraud or misconduct during discovery because [the court] agree[d] with the magistrate judge's finding that [the appellant] ha[d] not shown interference in her ability to present her case").

All of the allegations of fraud or misconduct identified by Sandra relate to actions taken during the pendency of the bankruptcy case, which closed in 2012, and precede the filing of her original motion by several years. Whether this alleged conduct constitutes fraud or misconduct is beyond the scope of the Court's current inquiry into whether the decision denying Sandra's motion to reopen was unfairly obtained. Sandra has identified no conduct by anyone in connection with her motion to reopen that could be interpreted as fraud. The Court further finds that Sandra fully and fairly presented her arguments and evidence related to her motion both at a hearing before the Court and in her voluminous briefing. The Court based its decision on the nondischargeability claim on facts which are not in dispute, e.g., the latest date when Howard received notice of the bankruptcy, and from those facts and Fifth Circuit precedent held that any nondischargeability

---

within one year of the entry of the Court's order, the Court examines her fraud allegations only under Rule 60(b)(3) and not under the more exacting standard of Rule 60(d)(3). *See id.* at 1337-38; *see also* Fed. R. Civ. P. 60(c)(1).

action could have been brought during the pendency of the bankruptcy. And the Court based its decision on the fraudulent transfer claims on its lack of jurisdiction over the subject property. Neither of these decisional bases are subject to change as a result of any potential fraudulent conduct by an opposing party. Therefore, the Court denies Sandra's second motion to reopen, which has been construed as a motion to reconsider.

Sandra also references criminal bankruptcy fraud in her briefing. Dkt. No. 151 at 3-4. The Court does not address these allegations because it lacks criminal jurisdiction. *See* 28 U.S.C. § 1334 (2005) (defining subject matter jurisdiction of bankruptcy courts). "Bankruptcy courts are courts of limited jurisdiction . . . whose power to act must be found expressly or impliedly in the Bankruptcy [Code]." *Uranga v. Geib (In re Paso del Norte Oil Co.)*, 755 F.2d 421, 423-24 (5th Cir. 1985).

B. Sandra's Reply

The Court notes that Sandra is not entitled to file a reply or rebuttal brief in this Court on a motion to reopen or on a motion to reconsider. In the District Court of the Southern District of Mississippi, the Uniform Local Rules provide that a "movant desiring to file a rebuttal may do so within seven days after the service of the respondent's response and memorandum brief." L.U. Civ. R. 7(b)(4). The Local Rules for the Bankruptcy Court, however, are different. Only in briefing a motion for summary judgment is a movant *de jure* afforded an opportunity to file a reply. Miss. Bankr. L.R. 7056-1(3)(C) ("The movant may file a reply within 14 days after the response is served."). Further, the Federal Rules of Bankruptcy Procedure provide that in a contested matter[8]

---

[8] "Although the Bankruptcy Code does not specifically define contested matters, the Advisory Committee Note to [Federal Rule of Bankruptcy Procedure] 9014 states, '[w]henever there is an actual dispute, other than an adversary proceeding, before the bankruptcy court, the litigation to resolve that dispute is a contested matter.'" *In re Ochoa*, 399 B.R. 563, 566 (Bankr. S.D. Fla. 2009) (quoting Fed. R. Bankr. P. 9014 advisory committee notes). This motion is a contested matter.

initiated by motion, "[n]o response is required . . . unless the court directs otherwise." Fed. R. Bankr. P. 9014(a). The Court did not direct that Sandra reply to J.C's response in this case.

Turning to the substance of Sandra's memorandum and reply, the Court finds its mind unchanged. First, Sandra copies the text from the Motion to Appoint Counsel—discussed above—into her reply. Dkt. No. 156 at 7-27 (quoting Dkt. No. 136 at 5-20). These quotes consist of references to the docket in this case as evidence of (1) fraudulent and criminal actions taken by the Chapter 13 Trustee, J.C., and others involved in this bankruptcy and (2) a deprivation of Howard's due process rights through inadequate notice of certain filings. The Court considered those allegations when it denied Sandra's first motion to reopen and when it first denied Sandra's second motion to reopen. These allegations were not addressed earlier because then, as now, they are irrelevant to the Court's decision not to reopen this bankruptcy, but the Court addresses them now in an endeavor to provide some closure on this matter for Sandra.

1. Allegations of Fraud and other Crimes

As stated above, this Court lacks criminal authority to address the alleged criminal fraud and perjury committed by anyone in connection with this bankruptcy. The Court does not have jurisdiction to determine whether crimes have been committed in this case. Such crimes, if any, can only be investigated by the United States Attorney and tried by the United States District Court.

Sandra also asserts that certain parties have perpetrated a fraud on this Court.

> To establish fraud on the court, it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision. Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court. Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court.

7

*First. Nat'l Bank of Louisville v. Lustig*, 96 F.3d 1554, 1573 (5th Cir. 1996) (internal citations and quotation marks omitted). None of Sandra's allegations are sufficient to meet this high standard. Further, Sandra does not allege what particular judgment may have been obtained by any potential fraud on the court. Most importantly as it relates to Sandra's motion to reopen, an allegation of fraud on the court does not change the Court's analysis. The Court found that Howard had sufficient notice to file a nondischargeability proceeding and that it lacked jurisdiction over the transferred property. Dkt. No. 146 at 11-13. Neither of these decisional bases are subject to change based on an allegation of fraud on the court, regardless of whether it could be proven.

2. Notice to Howard

Sandra's arguments related to inadequate or insufficient notice betray a fundamental misunderstanding of due process in the context of a bankruptcy proceeding and the regular functioning of the Court's electronic docketing system.

The requirements for sufficient notice in bankruptcy court, like in district court, come from the Due Process Clause of the United States Constitution.

> Section 523(a)(3)(A) of the Bankruptcy Code provides that a creditor's claim may be discharged . . . if the "creditor had notice or actual knowledge of the case in time for . . . timely filing." 11 U.S.C. § 523(a)(3)(A); *see also In re Kendavis Holding Co.*, 249 F.3d 383, 385–86 (5th Cir. 2001). Due process requires that notice be "reasonably calculated, under all the circumstances, to inform interested parties of the pendency" of a proceeding. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950).

*In re Placid Oil Co.*, 753 F.3d 151, 154 (5th Cir. 2014) (internal footnote omitted). As the Court found in its opinion on Sandra's first motion to reopen, Howard received actual notice of this bankruptcy on "September 27, 2007, when [a bank creditor] served its motion to lift the codebtor stay on Howard's attorney." Dkt. No. 146 at 10. After receiving notice of a proceeding, "[a] party has a duty of diligence to inquire about the status of a case. . . ." *Edward H. Bohlin Co., Inc. v.*

8

*Banning., Inc.*, 6 F.3d 350, 357 (5th Cir. 1993); *see also Yeschick v. Mineta*, 675 F.3d 622, 629 (6th Cir. 2012) ("[P]arties have an affirmative duty to monitor the dockets to keep apprised of the entry of orders that they may wish to appeal."); *Casimir v. Sunrise Fin., Inc.*, 299 F. App'x 591, 593 (7th Cir. 2008) (unpublished) ("[A]ll litigants, including pro se litigants, are responsible for maintaining communication with the court and monitoring the status of their lawsuit as necessary."). And "every attorney, as well as every litigant proceeding without legal counsel, has a continuing obligation to notify the clerk of any changes of address and contact information." Miss. Bankr. L.R. 9011-1(a)(1); *see also Wade v. Farmers Ins. Grp.*, 45 F. App'x 323, 2002 WL 1868133, at *1 n.12 (5th Cir. 2002) (unpublished) ("[I]t is the responsibility of even incarcerated litigants to inform the court of a change of address."). Therefore, it was Howard's duty to monitor the docket in this case and Howard's—or his attorney's—duty to apprise the Court of any change in Howard's address.

In addition, Howard was not entitled to notice of every filing in this Court. Under the Bankruptcy Rules, in a contested matter, "reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." Fed. R. Bankr. P. 9014(a). This means that without an interest in the outcome of the contested matter, any other participant in the bankruptcy is not required to be noticed of the contested matter under applicable federal rules. And for all motions in a bankruptcy case, the motion shall be served on "the trustee or debtor in possession and on those entities specified by these rules" or "the entities the court directs if these rules do not require service or specify the entities to be served." Fed. R. Bankr. P. 9013. All creditors are entitled to notice of some specified matters. *See* Fed. R. Bankr. P. 2002. But, for example, in an objection to claim, only "the claimant, the debtor or debtor in possession, and the trustee" are entitled to notice. Fed. R. Bankr. P. 3007(a). But despite not being entitled to notice of every filing,

9

Howard did receive notice of every filing after his attorney responded to the motion to lift codebtor stay on October 15, 2007.[9] *See* Dkt. No. 34. After an attorney submits a pleading using his or her login to the Court's electronic filing system, that attorney thereafter receives electronic notice of every public entry on the Court's docket until he or she is terminated from the case.[10]

> The general rule in agency law is that adequate notice to or actual knowledge acquired by an agent is imputed to the principal. This rule also applies to the relation of attorney and client. Notice or knowledge is imputed when the agent is acting within the scope of his authority and the knowledge pertains to matters within the scope of the agent's authority. This general rule for imputing an agent's notice or knowledge applies to bankruptcy cases.

*In re Linzer*, 264 B.R. 243, 248 (Bankr. E.D.N.Y. 2001) (internal citations omitted). Because Howard's attorney received electronic notice of every filing, that notice is imputed to Howard because his attorney was acting as his agent. It does not matter whether a paper notice was also delivered to Howard's address.

3. Estate of Zona Mae

Lastly, Sandra asserts that the estate of Zona Mae Oliver, Howard's and J.C.'s mother, was not listed as a creditor in this bankruptcy. Dkt. No. 156 at 3. This allegation is irrelevant to whether or not Sandra, on behalf of Howard, may reopen the case to have his debt declared nondischargeable. Even if J.C. owed a debt to Zona Mae Oliver's estate, then that debt would be separate and apart from any debt owed to Howard. Sandra did not request to reopen the case to seek relief related to an alleged debt owed to Zona Mae Oliver's estate. Regardless, unlisted debts are generally excepted from discharge. 11 U.S.C. § 523(a)(3) (2010).

---

[9] Additionally, in his proof of claim, Howard requested that notice be sent to his attorney. Claim 13-1.

[10] On January 8, 2016, Howard's attorney moved to withdraw from the case stating that he ceased practicing in Mississippi in 2009. Dkt. No. 113. The Court granted this motion on the same day. Dkt. No. 114.

**IT IS HEREBY ORDERED THAT** the Motion to Reopen Chapter 13 Case (Dkt. No. 148) is DENIED.

*##END OF ORDER##*